MICHAEL GRIMMETT,

   Plaintiff,       Civil Action No. 2:08-CV-14678

v.            HONORABLE VICTORIA A. ROBERTS

             UNITED STATES DISTRICT COURT

MIGUEL BERRIOS,

   Defendant,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

  Before the Court is Plaintiff Michael Grimmett's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner currently confined at the Hiawatha Correctional Facility in Kincheloe, Michigan.  For the reasons stated below, the complaint is **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

  Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, such complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

2

## III. Complaint

Plaintiff is currently incarcerated with the Michigan Department of Corrections for the offense of first-degree criminal sexual conduct. [1] Plaintiff claims that the defendant, a member of the Michigan Parole Board, conducted an interview with Plaintiff on December 10, 2007, to determine his eligibility for parole. When the defendant asked Plaintiff to describe the events, Plaintiff asserted his Fifth Amendment right against self-incrimination. Defendant allegedly told Plaintiff that he would have to serve his twenty year maximum sentence if he failed to comply with defendant's request. When Plaintiff's mother attempted to answer the question, the defendant told her to be quiet. When Plaintiff reiterated his right to remain silent, defendant responded, "We'll see you in two years. Good luck with your appeal." On or about January 7, 2008, the Michigan Parole Board denied Plaintiff parole and continued his sentence for twenty four months.

Plaintiff now seeks injunctive relief and compensatory damages for the denial of his parole.

---

[1] Plaintiff does not specify in his complaint the offense that he was convicted of. However, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that Plaintiff was convicted of first-degree criminal sexual conduct in the Oakland County Circuit Court and was sentenced to eight to twenty years in prison on November 19, 1998. Plaintiff's conviction was affirmed on appeal. *People v. Grimmett,* No. 216301 (Mich.Ct.App. January 26, 2001); *lv. den.* 464 Mich. 871, 630 N.W.2d 622 (2001). Petitioner filed a motion for relief from judgment, which was denied. *People v. Grimmett,* No. 98-159840-FC (Oakland County Circuit Court January 14, 2002). Plaintiff subsequently filed a petition for writ of habeas corpus, which was dismissed by another judge in this district on the ground that it had not been filed within the one year limitations period for filing habeas corpus petitions. *Grimmett v. Scutt,* U.S.D.C. No. 07-CV-15340 (E.D. Mich. September 3, 2008)(Ludington, J.). This Court obtained much of the information concerning Plaintiff's criminal case from Judge Ludington's opinion and order dismissing Plaintiff's petition for writ of habeas corpus.

## IV.  Discussion

A prisoner may challenge the procedures used by a parole board to deny him or parole under § 1983, when a prisoner is not claiming immediate entitlement to parole. *See Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005); *See also Thomas v. Eby*, 481 F. 3d 434, 439-40 (6th Cir. 2007)(a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence).   Therefore, Plaintiff's action is properly before this Court.

Plaintiff claims that his Fifth Amendment right against self-incrimination was violated when he was denied parole because he refused to admit guilt to the first-degree criminal sexual conduct charge for which he had been convicted or otherwise discuss incriminating facts concerning his conviction with the defendant.

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987).  Stated more succinctly, there is no federal constitutional right to be paroled. *See Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

In Michigan, a prisoner's release on parole is discretionary with the parole board. *Lee*, 76 F. Supp. 2d at 792 (citing to *In Re Parole of Johnson*, 235 Mich. App. 21; 596 N. W. 2d 202, 204 (1999)).  The Michigan parole statute therefore does not create a right to be paroled. *Id.; See also Hurst v. Department of Corrections Parole Bd.*, 119 Mich. App.

25, 29; 325 N.W. 2d 615 (1982). Because the Michigan Parole Board has the discretion

whether to grant parole, a prisoner does not have a protected liberty interest in being

paroled prior to the expiration of his or her sentence. *Canales v. Gabry*, 844 F. Supp.

1167, 1171 (E.D. Mich. 1994); *Hurst,* 119 Mich. App. at 28. M.C.L.A. 791.233,

Michigan's parole statute, does not create a protected liberty interest in parole, because

the statute does not place any substantive limitations on the discretion of the parole board

through the use of particularized standards that mandate a particular result. *See Johnson v.*

*Renico,* 314 F. Supp. 2d 700, 713 (E.D. Mich. 2004)(internal citation omitted). Plaintiff

therefore does not "have a sufficient liberty interest in his future parole release to be

entitled to due process in his parole release proceedings." *Id.* (quoting *Sharp v. Leonard*,

611 F. 2d 136, 137 (6th Cir. 1979)). Thus, where a prisoner has no state created liberty

interest in being paroled, he or she may not challenge the procedures used to deny him or

her parole. *Johnson,* 314 F. Supp. 2d at 713. Because Plaintiff had no protected liberty

interest in parole, he has no right to expect the parole board to follow state procedural

rules as a matter of federal due process. *Id.*

Plaintiff's claim that the Michigan Parole Board violated his Fifth Amendment

right against self-incrimination must likewise be rejected.

In *Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 286 (1998), the Supreme

Court considered the constitutionality of Ohio's clemency program for death row inmates,

where the parole authorities could draw negative inferences from an inmate's failure to

answer questions at a clemency interview. The Supreme Court held that since the

interview was voluntary, any statements from the inmate were not compelled within the meaning of the Fifth Amendment. *Id.* The Supreme Court went on to rule that the Fifth Amendment did not prohibit the parole authorities from drawing an adverse inference from an inmate's refusal to answer questions during the clemency interview. *Id.* at 286. Although acknowledging that an inmate might feel pressured to answer questions from the parole authorities and cooperate in order to improve his chance of receiving clemency, the Supreme Court held that such pressure did not implicate the Fifth Amendment. *See Id.* at 288.

Therefore, the Fifth Amendment right against self-incrimination is not implicated by the alleged pressure by the Michigan Parole Board upon a prisoner to admit, in order to improve his or her chances for parole, that he or she committed the crime for which he or she is incarcerated. *See Hawkins v. Morse*, 194 F. 3d 1312 (Table); No. 1999 WL 1023780, at *2 (6th Cir. November 4, 1999); *Benner v. Carrill,* No. 2008 WL 2696138, * 5 (E.D. Mich. July 2, 2008); *Rice v. Mich. Parole Bd.*, No. 2005 WL 2297463, at *3-4 (W.D.Mich. September 21, 2005). Accordingly, Plaintiff is not entitled to relief on his claim.

## V. <u>Conclusion</u>

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 1, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Grimmett by electronic means or U.S. Mail on December 1, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk