UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRIMMETT,

    Plaintiff,                                      Civil Action No. 2:08-CV-14678

v.                                          HONORABLE VICTORIA A. ROBERTS
                                               UNITED STATES DISTRICT COURT

MIGUEL BERRIOS,

    Defendant,
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY THAT AN APPEAL WOULD BE UNDERTAKEN IN GOOD FAITH

    Michael Grimmett ("Plaintifff") is a state prisoner currently confined at the Hiawatha Correctional Facility in Kincheloe, Michigan. Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On December 1, 2008, this Court issued an Opinion and Order of Summary Dismissal, finding that Plaintiff had failed to state a claim upon which relief could be granted. *See Grimmett v. Berrios,* No. 2008 WL 5102262 (E.D. Mich. December 1, 2008). On January 5, 2009, Plaintiff filed a Notice of Appeal. Plaintiff has also filed an Application to Proceed Without Prepayment of Fees and Affidavit, to which he has attached a Motion to Proceed *In Forma Pauperis.* For the reasons stated below, this Court certifies that any appeal from this Court's opinion and order of summary dismissal would be frivolous and not undertaken in good faith so as to allow Plaintiff leave to appeal *in forma pauperis.*

    This Court declines to certify that any appeal of the Court's opinion and order would be undertaken in good faith. 28 U.S.C. § 1915(a)(3) indicates that an appeal may

not be taken *in forma pauperis* if the trial court certifies in writing that is not taken in good faith.  A federal court may refuse to certify an appeal for *in forma pauperis* status if it is not taken in good faith. *Harkins v. Roberts*, 935 F. Supp. 871, 873 (S.D. Miss. 1996).

In determining whether an appeal under the *in forma pauperis* statute is taken in good faith, the good faith standard is an objective one. *Nabkey v. Gibson*, 923 F. Supp. 117, 122 (W.D. Mich. 1990)(*quoting Coppedge v. United States*, 369 U.S. 438, 445 (1962)).  The U.S. Supreme Court has interpreted good faith as stated in 28 U.S.C. § 1915 as simply meaning that the issue being appealed is not frivolous. *Davis v. Michigan Department of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990); *Coppedge v. United States,* 369 U.S. at 445.  Where a plaintiff's complaint fails to even remotely approach an actionable claim under § 1983, an appeal from the decision may not be taken *in forma pauperis* because it would be frivolous and would not be undertaken in good faith. *Davis v. Michigan Department of Corrections*, 746 F. Supp. at 667.

In this case, for reasons stated in greater detail in the Opinion and Order of Summary Dismissal, this Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915(A).  Because Plaintiff's complaint lacked any arguable basis in the law, this Court certifies that any appeal by the Plaintiff of the claims raised in his complaint would be frivolous and not undertaken in good faith. *See Goodell v. Anthony,* 157 F. Supp. 2d 796, 802 (E.D. Mich. 2001); *See also Artis v. City of Jackson,* 2001 WL 277050, * 2 (E.D. Mich. March 6, 2001)(same).  Stated differently, it would be inconsistent for this Court to determine that Plaintiff's complaint was too frivolous or

meritless to be served upon the defendant, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

## ORDER

**IT IS HEREBY ORDERED** that the Motion to Proceed *In Forma Pauperis* [Dkt. # 10] is **DENIED.**

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 26, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Michael Grimmett by electronic means or U.S. Mail on January 26, 2009.

s/Carol A. Pinegar
Deputy Clerk